IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMETRIA WALLS**,
*Individually, and as Administratrix of the Estate of Alex Tyrone Walls,*

     *Plaintiffs,*

*v.*

**CITY OF JACKSON, MISSISSIPPI,**
**et al.,**

     *Defendants.*

CAUSE NO. 3:22-CV-347-CWR-FKB

## ORDER

Before the Court are the Defendants' *Motion to Dismiss Amended Complaint* and the Plaintiffs' response in opposition. *See* Docket Nos. 13 and 20. Upon review, the Motion will be granted in part and denied in part.

I. **Facts and Procedural History**

This case arises from the tragic death of Alex Tyrone Walls. On April 30, 2020, Jackson Police Department ("JPD") officers pursued Walls because of his suspected involvement in an attempted burglary. Docket No. 12 at 3. Walls fled police and ultimately retreated into the crawlspace of a nearby house. *Id.* at 4.

Once at the house, Defendants Officers Terrence Tiller and Darrell Longino proceeded into the crawlspace and attempted to persuade Walls to emerge from the

location. *Id*. Walls complied. *Id*. As he emerged, however, Officer Tiller discharged his firearm, striking Walls twice. *Id*. Walls died shortly thereafter. *Id*.

The Plaintiffs, Walls' sister and Estate, commenced this suit against the Chief of Police James E. Davis, Officers Longino and Tiller, and the City of Jackson. They bring claims under the Fourth Amendment to the United States Constitution, as authorized by 42 U.S.C. § 1983, and state law. Docket No. 20 at 2. The Plaintiffs contend that the officers' unreasonable seizure of Walls, Officer Tiller's use of excessive force, Officer Longino's failure to intervene, and the City of Jackson's failure to "properly train its officers in taking emotionally disturbed persons into custody" resulted in Walls' death.[1] Docket No. 12 at 4-10.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). Upon considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Though the plaintiff need not "plead detailed factual allegations," a successful complaint requires "more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id*. A claim must be "plausible on its

---

[1] The Plaintiffs concede that their failure to timely send a notice of claim in advance of filing their state law claims requires dismissal of those claims under the Mississippi Tort Claims Act. Docket No. 20 at 5.

2

face," enabling the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id*.

**III.   Discussion**

    **A.   Individual Capacity Claims**

The Defendants first contend that neither Chief Davis[2], Officer Longino, nor Officer Tiller have been served in their individual capacities. That failure, the Defendants say, is grounds for dismissal. Plaintiffs acknowledge that they "have not been able to serve the defendant officers in their individual capacity," Docket No. 20 at 3, but they are silent about what attempts, if any, they took to have the defendants served. The Plaintiffs also do not respond to the Defendants' contention that since they have not been served, the only claims before the Court are the official capacity claims against the City. *Id*. at 5 n.3.

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual within a judicial district of the United States. That rule provides:

> [U]nless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[2] Even if Chief Davis was served in his individual capacity, the Defendants contend that the Plaintiffs have not offered any factual allegations in the Amended Complaint that Chief Davis was personally involved in any of the acts or omissions that led to Walls' death.

3

>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed R. Civ. P. 4(e)(1)-(2).[3] "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citations omitted).

As to timely service, Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or* order that service be made within a specific time." Fed. R. Civ. P. 4(m) (emphasis added). The Court hereby directs the Plaintiffs to serve the individual Defendants within 30 days.

**B.    Official Capacity Claims**

To state a claim under § 1983, a plaintiff must "[a]llege a violation of a right secured by the Constitution or laws of the United States and [] demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (parenthesis omitted). When allegations

---

[3] Rule 4(d) of the Mississippi Rules of Civil Procedure provides that "service by sheriff or process server shall be made as follows: (1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or (B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service . . . ." Miss. R. Civ. P. 4(d).

4

are raised against a party in their official capacity under § 1983, the plaintiff must "[s]atisfy the elements required to establish state liability." That is so because § 1983 "[c]laims asserted against officers in their official capacities are really claims against the government entity." *Goodman v. Harris Cty.*, 571 F.3d 388, 396 (5th Cir. 2009). Thus, "[i]n any case in which a defendant government official is sued in his individual and official capacity, and the city or state is also sued, there potentially exists an overlapping cause of action. The official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000).

In this case, Walls has sued Chief Davis, Officer Tiller, and Officer Longino in their official capacities, as well as the City of Jackson. These are overlapping claims. Accordingly, the Plaintiffs' official-capacity claims against Chief Davis, Officer Tiller, and Officer Longino merge with their claims against the City of Jackson.

Now, the Court considers whether the Plaintiffs have adequately alleged constitutional violations necessary to establish claims under § 1983. The Court begins by analyzing the Plaintiffs' excessive force, failure to intervene, and failure to train claims.

### 1. Excessive Force

First, the Plaintiffs allege claims of excessive force under the Fourth Amendment. Docket No. 12. The Plaintiffs aver that Officer Tiller "used a level of force that [Tiller] knew, or should have known, was excessive when he [shot] Alex Walls without proper justification." *Id.* at 5. Walls was allegedly not "resisting any lawful arrest or threatening the life or safety of any individual" when Officers Tiller and Longino approached him.

5

*Id*. These facts, the Plaintiffs say, demonstrate that Officer Tiller's actions were "objectively unreasonable" and "undertaken intentionally with willful indifference to Alex Wall's [sic] constitutional rights." *Id*.

In response, the Defendants assert that the Plaintiffs have failed to state a plausible claim of liability against the City of Jackson. Docket No. 14 at 8. The Defendants argue that the Amended Complaint "does not allege that Walls' injuries were caused by a city policy"; rather, they allege that Walls' injuries were caused by Officer Tiller's "unreasonable and excessive force." *Id*. Consequently, because the Plaintiffs do not identify any city policy that is a moving force behind any constitutional violation suffered by Walls, the action should be dismissed. *Id*.

Under § 1983, municipalities can be held liable for violating a person's constitutional rights. Otherwise known as a *Monell* claim, "[m]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). "[A] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity," *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993) (citation omitted), but must identify the policy or custom which allegedly caused the deprivation of his constitutional right, *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory;

it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).

On review, the Court finds that the Plaintiffs have failed to state a plausible *Monell* claim. The Plaintiffs may have adequately alleged a constitutional violation in Officer Tiller's use of excessive force, but they have not pointed to any city policy or custom that caused or gave rise to the constitutional violation. Thus, these allegations are not sufficient to establish a *Monell* claim against the City of Jackson. *See Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 281 (5th Cir. 2015) (finding that the defendant city was not liable under § 1983 for a police officer's alleged use of excessive force in the fatal shooting of an armed robbery suspect, absent identification of any city policy that caused the constitutional violation).

### 2.    Failure to Intervene

Next, the Plaintiffs assert that Officer Longino had a duty to intervene when Officer Tiller used excessive force upon Walls. Docket No. 12 at 7. They further contend that Officer Longino "had the opportunity and means to prevent the excessive use of force and/or violations of Mr. Walls's constitutionally protected rights from occurring." *Id*. at 8. Such failure to intervene, the Plaintiffs state, amounts to deliberate indifference because Officer Longino "did nothing to stop [Officer] Tiller from shooting Mr. Walls a second time, even after Mr. Walls had been visibly injured and immobilized." *Id*.

In response, the Defendants argue that the Plaintiffs have again failed to establish a *Monell* claim. Docket No. 14 at 6. They posit that the Plaintiffs have not identified any official policy by the City of Jackson that caused the alleged constitutional violation. *Id*.

Here, too, Plaintiffs' arguments fall victim to § 1983's requirements for municipal liability. *See Andrews v. Gilbert*, No. 4:12-CV-773-A, 2013 WL 28389, at *3 (N.D. Tex. Jan. 2, 2013) (dismissing the plaintiff's claims where the complaint failed to allege that an official policy or custom caused the deprivation of rights).

### 3. Failure to Train

Lastly, the Plaintiffs assert that the City of Jackson violated Walls' constitutional rights by "failing to properly train its officers in how to properly take emotionally disturbed persons into custody." Docket No. 12 at 9. They contend that Jackson police officers "regularly come in contact with individuals who have drug use and/or mental problems." *Id*. "The failure to train said officers in how to properly deal with individuals with drug and mental issues," the Plaintiffs argue, "[led] to the constitutional violation of Mr. Walls' rights." *Id*.

The Defendants submit that the Plaintiffs have failed to state a plausible claim because they have not alleged any specific custom or policy promulgated by the City of Jackson that caused any constitutional violation. Docket No. 14 at 8-9. They contend that the Plaintiffs' allegations "are conclusory at best," fall well short of the pleading standards under *Twombly/Iqbal*, and are "devoid of any factual allegation that the [City of Jackson] was deliberately indifferent in adopting an inadequate policy of procedure." *Id*. Taken together, the Defendants assert, the Plaintiffs have failed to "allege any causation between training and harm" or identify "any prior act of violence (or a propensity for such acts) by any of the officers referenced in the matter. *Id*.

8

To establish a failure to train theory under § 1983, the plaintiff must allege facts that enable the Court to infer that "(1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a 'moving force' in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy." *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010).

Here, the Court finds the Defendants' arguments persuasive. To survive a motion to dismiss, the Plaintiffs need not provide a line-by-line reading of the city's training manual in their pleadings, "but they must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the City that was constitutionally defective." *E.G. v. Bond*, No. 1:16-CV-68, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017). The Plaintiffs do not make any such allegations here. Thus, the Defendants' motion must be granted on this claim, too. *See Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 690 (E.D. La. Aug. 2, 2012) (finding that the plaintiffs' failure to identify an official policy or custom in their pleadings, coupled with vague and conclusory allegations, warranted dismissal). Accordingly, the Plaintiffs' failure to train claim is dismissed.

**IV.   Conclusion**

For the foregoing reasons, the Defendants' *Motion to Dismiss* is granted in part and denied in part. The claims brought against the City of Jackson and the named defendants in their official capacities are dismissed. Should the Plaintiffs desire to proceed against the individual defendants in their individual capacities, they must serve each defendant

9

within 30 days of this Order. If they are not served, this case will be dismissed without prejudice.

**SO ORDERED**, this the 15th day of June, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
